IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carol L. Hall, | ) | C/A No.: 3:13-1312-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Manager, State Office of Attorney General, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Carol L. Hall ("Plaintiff"), a self-represented litigant, brings this action alleging claims of discrimination and negligence. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process for lack of prosecution and failure to comply with an order of this court.

**I.      Factual and Procedural History**

Plaintiff alleges that the defendant handled some unspecified matter associated with the custody of children in a "discriminatory manner." (ECF No. 1 at 3.) Plaintiff claims that unidentified children were "subjected to enormous illnesses" and a "review of the practices within this agency" is warranted. (Id.) Plaintiff lists the director of the Department of Social Services ("DSS") and an attorney in the body of the Complaint as persons who "mishandled" the case or refused "to provide assistance" to Plaintiff. (Id.)



Plaintiff's Complaint contained insufficient factual information for initial review of the pleadings. Plaintiff also failed to provide the service documents required to advance this case. Therefore, an order was issued on May 30, 2013, allowing Plaintiff an opportunity to bring this case into proper form for initial review by submitting a fully completed complaint form and service documents for the defendant. (ECF No. 7.) The order warned Plaintiff that failure to provide the requested documents within a specified time period could result in dismissal of the case for failure to comply with an order of this court and failure to prosecute under Federal Rule of Civil Procedure 41. (Id. at 1.) Plaintiff has not responded to the court's order and the response time has lapsed.

**II.    Discussion**

    **A.    Standard of Review**

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by



attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

It is well established that a federal court has the authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of



cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962); see also United States v. Moussaoui, 483 F.3d 220, 236 (4th Cir. 2007). As well as inherent authority, this Court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Link, 370 U.S. at 630.

In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider the following factors: (1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of plaintiff in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). In the instant case, Plaintiff is proceeding *pro se* and is responsible for her own inaction in failing to respond to the court's order. Further, the defendant has not been served in this action and will not be prejudiced by dismissal. It appears from Plaintiff's failure to respond to the court's order that she has abandoned this lawsuit and no other reasonable sanctions are available. Therefore, this case should be dismissed because Plaintiff has failed to prosecute the action or comply with an order of the court. Fed. R. Civ. P. 41(b). As the case is recommended for summary dismissal prior to service of process, it is also recommended that the case be dismissed without prejudice.

### III.  Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process.

July 15, 2013                                           Paige J. Gossett
Columbia, South Carolina                        UNITED STATES MAGISTRATE JUDGE

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).